IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JAMES L WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:24-CV-1-RWS-JBB |
| § | |
| FIRST NATIONAL BANK OF OMAHA, ET AL., § § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court are Plaintiff James L Williams' objections to the Magistrate Judge's Report and Recommendation. Docket No. 48. Plaintiff filed this diversity action *pro se* against First National Bank of Omaha ("FNBO") and CEO Daniel Neill (collectively, "Defendants") alleging, among other things, that FNBO provides credit card services and "purposely, and with malice, provided fraudulent, defaming and misleading credit information" to TransUnion credit agency regarding Plaintiff's alleged delinquency, "immediately lowering plaintiff's FICO score from 711 to 564." Docket No. 1 at 2–3. The case was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636(b)(1). Docket No. 2.

FNBO filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 24. In the January 7, 2025 Report and Recommendation ("R&R"), the Magistrate Judge found Plaintiff's amended complaint fails to plausibly plead a valid cause of action against Defendants. Docket No. 46 at 8. The Magistrate Judge, however, was not convinced Plaintiff has pleaded his best case. *Id.* Noting this is the Court's first opportunity to assess Plaintiff's claims, the Magistrate Judge recommended that FNBO's motion to dismiss be denied without prejudice

to refiling and that Plaintiff be given leave to file a second amended complaint with sufficient allegations to state a claim against Defendants. *Id*. at 8-9.

On January 21, 2025, Plaintiff filed timely objections. Docket No. 48. In his objections, Plaintiff complains about the Magistrate Judge's recommendation "ordering Plaintiff to file a researched response to each of the specific Court cases of His Court Order, in 14 days." *Id.* at 1. According to Plaintiff, it is "physically impossible" to do the required research in 14 days. Plaintiff points out that the Summons Plaintiff served on Defendants allowed Defendants 30 days after service in which to answer Plaintiff's complaint. *Id.* (asking "[w]here is the Doctrine of Fair play?") (citing Docket No. 15).

Rather than recommend outright dismissal of Plaintiff's complaint for failure to state a claim, the Magistrate Judge recommended that FNBO's motion to dismiss be denied without prejudice to refiling and that Plaintiff be given leave to file a second amended complaint with sufficient allegations to state a claim against Defendants. Contrary to Plaintiff's assertion, the Magistrate Judge did not order Plaintiff to amend within fourteen days from his receipt of the R&R. Rather, the Magistrate Judge recommended that the District Judge order Plaintiff to file a second amended complaint within fourteen days *after receipt of any Order Adopting* the R&R. Docket No. 46 at 1, 9-10.

Plaintiff's comparison to the deadline to answer is unpersuasive. The time to answer (30 days) is set by statute. The time in which a plaintiff is allowed to amend to plead his best case is within the discretion of the Court. However, the Court notes that Plaintiff will have at least 30 days from receipt of the R&R, and likely more, in which to draft a second amended complaint. In the R&R, the Magistrate Judge informed Plaintiff that he would have fourteen days after receipt of the R&R in which to file any objections. Docket No. 46 at 9-10. This time could have also been used

to work on and draft a second amended complaint that addresses the issues raised in the R&R. Additionally, there was the time between the Court's receipt of the objections and the issuance of this order and the further time provided for below. Accordingly, Plaintiff's objection is without merit.

The remainder of Plaintiff's assertions are not objections. Additionally, to the extent Plaintiff complains that the case was improperly stayed so that the parties could informally pursue settlement or that Plaintiff's motion to implement discovery for trial was improperly denied, those issues are moot. The stay has been lifted, and a Docket Control Order and Discovery Order have been entered to govern this case. Docket No. 43.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 48) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 46) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant FNBO's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 24) is **DENIED WITHOUT PREJUDICE TO REFILING**. It is further

**ORDERED** that Plaintiff file, within fourteen (14) days from receipt of this order, a second amended complaint with sufficient allegations to state plausible FCRA claims against Defendants.

The failure to do so may result in Plaintiff's claims against FNBO and Neill being dismissed with prejudice.

**So ORDERED and SIGNED this 21st day of February, 2025.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE